All Law Division initial Case Management Dates will be heard via Zoom. **12-Person Jury**
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 9/15/2022 9:00 AM

FILED
7/13/2022 9:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006283
Calendar, H
18664014

FILED DATE: 7/13/2022 9:54 PM   2022L006283

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

MILICA KOVACEVIC,                     )
                                      )
    Plaintiff,                        )     No.:   **2022L006283**
                                      )
v.                                    )     JURY DEMANDED
                                      )
MOTIVATE LLC d/b/a MOTIVATE           )
SERVICES, LLC, and                    )
LYFT, INC. d/b/a LYFT ILLINOIS, INC., )
                                      )
    Defendants.                       )

### COMPLAINT AT LAW

### Count I
### (Negligence – Motivate, LLC)

Plaintiff MILICA KOVACEVIC, by and through her counsel, the JUDSON GRAHAM

FIRM, LLC, complaining of the Defendant MOTIVATE LLC d/b/a MOTIVATE SERVICES

LLC, pleading hypothetically and in the alternative, states:

1.    On and before June 22, 2022, Plaintiff MILICA KOVACEVIC was a resident of

Chicago, in Cook County, Illinois.

2.    On and before June 22, 2022, MOTIVATE LLC d/b/a MOTIVATE SERVICES

LLC (hereafter "MOTIVATE") was a foreign corporation, doing business in the City of

Chicago, Cook County, Illinois.

3.    On June 22, 2022, MOTIVATE conducted business throughout the City of

Chicago, in Cook County, including the operation, management, and maintenance of the

DIVVY-branded bikeshare program, pursuant to a contract with the City of Chicago.

4.    On June 22, 2022, Defendant MOTIVATE operated certain Divyy bicycle

stations in the City of Chicago, in Cook County, Illinois.


<span style="color:red">**Exhibit A**</span>

FILED DATE: 7/13/2022 9:54 PM    2022L006283

5.     On June 22, 2022, Defendant MOTIVATE managed certain Divvy bicycle stations in the City of Chicago, in Cook County, Illinois.

6.     On June 22, 2022, Defendant MOTIVATE controlled certain Divvy bicycle stations in the City of Chicago, in Cook County, Illinois.

7.     On June 22, 2022, Defendant MOTIVATE maintained certain Divvy bicycle stations in the City of Chicago, in Cook County, Illinois.

8.     On June 22, 2022, Defendant MOTIVATE managed, controlled, and maintained the bicycles available for rent to the public at certain Divvy Bike stations throughout Chicago, in Cook County, Illinois.

9.     On June 22, 2022, Defendant MOTIVATE operated, managed, controlled, or maintained a Divvy bicycle station located approximately at the southwest corner of the intersection of Damen Avenue and 33rd Street in the City of Chicago, in Cook County, Illinois (hereafter "the Damen and 33rd Street Divvy station").

10.     On and before June 22, 2022, Defendant MOTIVATE owned the Damen and 33rd Street Divvy bicycle station.

11.     On and before June 22, 2022, Defendant MOTIVATE managed, controlled, or maintained the bicycles made available for rent by the public at the Damen and 33rd Street Divvy station.

12.     On and before June 22, 2022, Defendant MOTIVATE employed individuals responsible for the operation, management, control, or maintenance of the Damen and 33rd Street Divvy station.

13.     On and before June 22, 2022, Defendant MOTIVATE delegated the operation,



management, control, or maintenance of the Damen and 33rd Street Divvy station to a third-party subcontractor(s).

14. On and before June 22, 2022, a third-party company or companies acted as the agent of Defendant MOTIVATE in the operation, management, control, or maintenance of the Damen and 33rd Street Divvy station.

15. On and before June 22, 2022, Defendant MOTIVATE employed individuals responsible for the operation, management, control, or maintenance of the bicycles available for rent by the public located at the Damen and 33rd Street Divvy station.

16. On and before June 22, 2022 Defendant MOTIVATE owned the bicycles which were available for rent to the public, located at the Damen and 33rd Street Divvy bicycle station.

17. On and before June 22, 2022, Defendant MOTIVATE delegated the operation, management, control, or maintenance of the bicycles located Damen and 33rd Street Divvy station to a third-party company or companies.

18. On and before June 22, 2022, a third-party company or companies acted as the agent of Defendant MOTIVATE in the operation, management, control, or maintenance of the bicycles made available for rent at the Damen and 33rd Street Divvy station.

19. On June 22, 2022, at and before 9:10 AM a certain electric bicycle (hereafter "e-bike") numbered 324-252 was located at the Damen and 33rd Street Divvy station for rent by the public.

20. On June 22, 2022, the e-bike numbered 324-252 was owned by Defendant MOTIVATE and made available for rent by the public.

21. On June 22, 2022, Defendant MOTIVATE operated a mobile application branded

FILED DATE: 7/13/2022 9:54 PM 2022L006283



as the DIVVY app (hereafter "the Divvy app") which allowed members of the public to rent, for a fee, the bicycles located at certain Divvy bike stations.

22. On June 22, 2022, the Divvy app was capable of sending immediate notifications to users of the Divvy app on their mobile phones.

23. On June 22, 2022, at or around 9:10 AM e-bike number 324-252 was rented by Plaintiff MILICA KOVACEVIC through the Divvy app at the Damen and 33rd Street Divvy station.

24. On June 22, 2022, at or around 9:10 AM, an employee or agent of Defendant MOTIVATE was physically present at the Damen and 33rd Street Divvy station.

25. On June 22, 2022, at or around 9:10 AM, an employee or agent of one of Defendant MOTIVATE's third-party contractors was physically present at the Damen and 33rd Street Divvy station.

26. On June 22, 2022, at or around 9:10 AM, the employee or agent of Defendant MOTIVATE or one of its third-party contractors, who was present at the Damen and 33rd Street Divvy station was in the process of inspecting bicycles at the station.

27. On June 22, 2022, at or around 9:10 AM, the employee or agent of Defendant MOTIVATE or one of its third-party contractors, who was present at the Damen and 33rd Street Divvy station was in the process of rotating the bicycles available at the Damen and 33rd Street Divvy station.

28. On and prior to June 22, 2022, Defendant had performed maintenance and inspection of e-bike number 324-252, including maintenance and inspection of its tires.

29. On June 22, 2022, Defendant MOTIVATE knew, or in the exercise of ordinary



care should have known, the e-bike number 324-252 had an unsecure or improperly mounted rear tire and/or tire tube.

30.     On June 22, 2022, Defendant MOTIVATE knew, or in the exercise of ordinary care should have known, that the condition of the rear tire and/or tube on e-bike number 324-252 created an unreasonable risk of harm to members of the public, if rented and ridden.

31.     On June 22, 2022, Defendant MOTIVATE knew, or in the exercise of ordinary care should have known, that the condition of the rear tire and/or tube on e-bike number 324-252 required maintenance or repair to be fit for safe operation by members of the public.

32.     On or before June 22, 2022, Defendant LYFT had made repairs or performed maintenance on the rear tire or rear tire bike tube of e-bike number 324-252.

33.     On or before June 22, 2022, a third-party company or individual paid by Defendant MOTIVATE had made repairs or performed maintenance on the rear tire or rear tire bike tube of e-bike number 324-252.

34.     On June 22, 2022, at or around 9:20 AM, the Plaintiff MILICA KOVACEVIC was riding e-bike number 324-252 on West Archer Avenue, at approximately 3033 West Archer Avenue, in Chicago, in Cook County, Illinois.

35.     On June 22, 2022, at or around 9:20 AM, the rear tire and/or rear tire tube of e-bike number 324-252 separated from the wheel.

36.     On June 22, 2022, at or around 9:20 AM the Plaintiff MILICA KOVACEVIC was caused to fall from e-bike number 324-252 when the rear tire and/or rear tire tube separated from the rear while of the bike, causing her injury.

37.     On June 22, 2022, at or around 9:40 AM Defendant MOTIVATE generated a



FILED DATE: 7/13/2022 9:54 PM   2022L006283

notification through the Divvy app to Plaintiff MILICA KOVACEVIC alerting her that the bicycle she had rented was unlocked and idle and that her rental would automatically end.

38.   On June 22, 2022, within hours after Plaintiff had suffered injury, Defendant MOTIVATE retrieved e-bike number 324-252 from its location at or near 3033 South Archer Avenue.

39.   On June 22, 2022, within hours after Plaintiff had suffered injury, a third-party agent of Defendant MOTIVATE retrieved e-bike number 324-252 from its location at or near 3033 South Archer Avenue.

40.   At the time of its retrieval, e-bike number 324-252 had a visibly noticeable separated rear tire and/or rear tire tube.

41.   Since the time of its retrieval, e-bike number 324-252 has remained in the exclusive control of Defendant MOTIVATE or its agents and/or employees.

42.   On and before June 22, 2022, Defendant MOTIVATE had a duty to operate, manage, control, and/or maintain the bicycles for rent by the public at the Damen and 33rd Street Divvy station, such that the bicycles were reasonably safe for use by the public and free of unreasonable risk of harm to the riding public, including Plaintiff MILICA KOVACEVIC.

43.   On and before June 22, 2022, Defendant MOTIVATE had a legal duty as operator of the Divvy bike rental program to ensure compliance with City of Chicago ordinances, municipal codes, and State law regarding the proper maintenance and inspection of the bicycles made available for rent the Divvy bike rental program, for the benefit of bikeshare users, including Plaintiff MILICA KOVACEVIC.

44.   On and before June 22, 2022, Defendant MOTIVATE owed a legal duty to the



public and to Plaintiff MILICA KOVACEVIC to exercise ordinary care in the maintenance and inspection of the bicycles made available for rent to the public.

45.     On and before June 22, 2022, Defendant MOTIVATE owed a duty the public and to Plaintiff MILICA KOVACEVIC to exercise reasonable care to warn those individuals renting bicycles of any defects with the bicycles.

46.     On or about June 22, 2022, and at all times relevant, Defendant MOTIVATE, individually and by and through its agents and/or employees, was negligent in one or more of the following respects:

    a.   Failing to properly or adequately inspect e-bike number 324-252; or
    b.   Failing to properly or adequately maintain e-bike number 324-252; or
    c.   Failing to inspect the tires and wheels of e-bike number 324-252 for wear, damage, or defect;
    d.   Permitting e-bike number 324-252 to be available for rent by the public when it was at risk of tire separation; or
    e.   Permitting e-bike number 324-252 to be available for rent by the public when it had not reasonably ensured it to be in a safe functional condition;
    f.   Failing to warn Plaintiff of a defect present on e-bike number 324-252 at and after the time that she rented the bicycle; or
    g.   Failing to train those responsible for the maintenance and/or inspection of e-bike number 324-252 adequately to ensure defects would be identified and remedied; or
    h.   Failing to operate its bicycle program in a manner ensuring that maintenance and/or inspection protocols were followed by those responsible for such maintenance and/or inspection; or
    i.   Improperly repairing or maintaining the rear tire and/or tube of e-bike number 324-252 in a manner that created a risk of harm or injury; or
    j.   Failing to ensure that the rear tire and tube were properly in place on the rear wheel, such that neither would separate from the wheel.

47.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant MOTIVATE, Plaintiff MILICA KOVACEVIC sustained significant personal injuries, including but not limited to pain, suffering, loss of a normal life, disfigurement, emotional distress, and has incurred and will incur medical and rehabilitative expenses and lost wages.

FILED DATE: 7/13/2022 9:54 PM   2022L006283



Wherefore Plaintiff MILICA KOVACEVIC, by and through her counsel, the JUDSON GRAHAM FIRM, LLC, demands judgment against Defendant MOTIVATE LLC d/b/a MOTIVATE SERVICES LLC, in an amount in excess of the jurisdictional requirement of $50,000, which shall represent fair and just compensation for her injuries, damages, and losses.

### COUNT II
### (Negligence – Lyft, Inc.)

Plaintiff MILICA KOVACEVIC, by and through her counsel, the JUDSON GRAHAM FIRM, LLC, complaining of the Defendant, LYFT, INC. d/b/a LYFT ILLINOIS, INC., pleading hypothetically and in the alternative, states:

1.  On and before June 22, 2022, Plaintiff MILICA KOVACEVIC was a resident of Chicago, in Cook County, Illinois.

2.  On and before June 22, 2022, LYFT, INC. d/b/a LYFT ILLINOIS, INC. (hereafter "LYFT") was a foreign corporation, doing business in the City of Chicago, Cook County, Illinois.

3.  On June 22, 2022, LYFT conducted business throughout the City of Chicago, in Cook County, including the operation, management, and maintenance of the DIVVY-branded bikeshare program, pursuant to a contract with the City of Chicago.

4.  On June 22, 2022, Defendant LYFT operated certain Divvy bicycle stations in the City of Chicago, in Cook County, Illinois.

5.  On June 22, 2022, Defendant LYFT managed certain Divvy bicycle stations in the City of Chicago, in Cook County, Illinois.

6.  On June 22, 2022, Defendant LYFT controlled certain Divvy bicycle stations in the City of Chicago, in Cook County, Illinois.

7.  On June 22, 2022, Defendant LYFT maintained certain Divvy bicycle stations in

FILED DATE: 7/13/2022 9:54 PM   2022L006283



the City of Chicago, in Cook County, Illinois.

8.      On June 22, 2022, Defendant LYFT managed, controlled, or maintained the bicycles available for rent to the public at certain Divvy Bike stations throughout Chicago, in Cook County, Illinois.

9.      On June 22, 2022, Defendant LYFT operated, managed, controlled, or maintained a Divvy bicycle station located approximately at the southwest corner of the intersection of Damen Avenue and 33rd Street in the City of Chicago, in Cook County, Illinois (hereafter "the Damen and 33rd Street Divvy station").

10.     On and before June 22, 2022, Defendant LYFT owned the Damen and 33rd Street Divvy bicycle station.

11.     On and before June 22, 2022, Defendant LYFT managed, controlled, or maintained the bicycles made available for rent by the public at the Damen and 33rd Street Divvy station.

12.     On and before June 22, 2022, Defendant LYFT employed individuals responsible for the operation, management, control, or maintenance of the Damen and 33rd Street Divvy station.

13.     On and before June 22, 2022, Defendant LYFT delegated the operation, management, control, or maintenance of the Damen and 33rd Street Divvy station to a third-party subcontractor(s).

14.     On and before June 22, 2022, a third-party company or companies acted as the agent of Defendant LYFT in the operation, management, control, or maintenance of the Damen and 33rd Street Divvy station.

15.     On and before June 22, 2022, Defendant LYFT employed individuals responsible

FILED DATE: 7/13/2022 9:54 PM   2022L006283



for the operation, management, control, or maintenance of the bicycles available for rent by the public located at the Damen and 33rd Street Divyy station.

16. On and before June 22, 2022 Defendant LYFT owned the bicycles which were available for rent to the public, located at the Damen and 33rd Street Divvy bicycle station.

17. On and before June 22, 2022, Defendant LYFT delegated the operation, management, control, or maintenance of the bicycles located Damen and 33rd Street Divyy station to a third-party company or companies.

18. On and before June 22, 2022, a third-party company or companies acted as the agent of Defendant LYFT in the operation, management, control, or maintenance of the bicycles made available for rent at the Damen and 33rd Street Divyy station.

19. On June 22, 2022, at and before 9:10 AM a certain electric bicycle (hereafter "e-bike") numbered 324-252 was located at the Damen and 33rd Street Divvy station for rent by the public.

20. On June 22, 2022, the e-bike numbered 324-252 was owned by Defendant LYFT and made available for rent by the public.

21. On June 22, 2022, Defendant LYFT operated a mobile application branded as the DIVVY app (hereafter "the Divvy app") which allowed members of the public to rent, for a fee, the bicycles located at certain Divvy bike stations.

22. On June 22, 2022, the Divvy app was capable of sending immediate notifications to users of the Divvy app on their mobile phones.

23. On June 22, 2022, at or around 9:10 AM e-bike number 324-252 was rented by Plaintiff MILICA KOVACEVIC through the Divvy app at the Damen and 33rd Street Divvy station.



FILED DATE: 7/13/2022 9:54 PM   2022L006283

24.     On June 22, 2022, at or around 9:10 AM, an employee or agent of Defendant LYFT was physically present at the Damen and 33rd Street Divvy station.

25.     On June 22, 2022, at or around 9:10 AM, an employee or agent of one of Defendant LYFT's third-party contractors was physically present at the Damen and 33rd Street Divvy station.

26.     On June 22, 2022, at or around 9:10 AM, the employee or agent of Defendant LYFT or one of its third-party contractors, who was present at the Damen and 33rd Street Divvy station was in the process of inspecting bicycles at the station.

27.     On June 22, 2022, at or around 9:10 AM, the employee or agent of Defendant LYFT or one of its third-party contractors, who was present at the Damen and 33rd Street Divvy station was in the process of rotating the bicycles available at the Damen and 33rd Street Divvy station.

28.     On and prior to June 22, 2022, Defendant LYFT had performed maintenance and inspection of e-bike number 324-252, including maintenance and inspection of its tires.

29.     On June 22, 2022, Defendant LYFT knew, or in the exercise of ordinary care should have known, the e-bike number 324-252 had an unsecure and/or improperly mounted rear tire and/or tire tube.

30.     On June 22, 2022, Defendant LYFT knew, or in the exercise of ordinary care should have known, that the condition of the rear tire and/or tube on e-bike number 324-252 created an unreasonable risk of harm to members of the public, if rented and ridden.

31.     On June 22, 2022, Defendant LYFT knew, or in the exercise of ordinary care should have known, that the condition of the rear tire and/or tube on e-bike number 324-252 required maintenance or repair to be fit for safe operation by members of the public.



32.     On or before June 22, 2022, Defendant LYFT had made repairs or performed maintenance on the rear tire or rear tire bike tube of e-bike number 324-252.

33.     On or before June 22, 2022, a third-party company or individual paid by Defendant LYFT had made repairs or performed maintenance on the rear tire or rear tire bike tube of e-bike number 324-252.

34.     On June 22, 2022, at or around 9:20 AM, the Plaintiff MILICA KOVACEVIC was riding e-bike number 324-252 on West Archer Avenue, at approximately 3033 West Archer Avenue, in Chicago, in Cook County, Illinois.

35.     On June 22, 2022, at or around 9:20 AM, the rear tire and/or rear tire tube of e-bike number 324-252 separated from the wheel.

36.     On June 22, 2022, at or around 9:20 AM the Plaintiff MILICA KOVACEVIC was caused to fall from e-bike number 324-252 when the rear tire and/or rear tire tube separated from the rear while of the bike, causing her injury.

37.     On June 22, 2022, at or around 9:40 AM Defendant LYFT generated a notification through the Divvy app to Plaintiff MILICA KOVACEVIC alerting her that the bicycle she had rented was unlocked and idle and that her rental would automatically end.

38.     On June 22, 2022, within hours after Plaintiff had suffered injury, Defendant LYFT retrieved e-bike number 324-252 from its location at or near 3033 South Archer Avenue.

39.     On June 22, 2022, within hours after Plaintiff had suffered injury, a third-party agent of Defendant LYFT retrieved e-bike number 324-252 from its location at or near 3033 South Archer Avenue.

40.     At the time of its retrieval, e-bike number 324-252 had a visibly noticeable separated rear tire and/or rear tire tube.



41.     Since the time of its retrieval, e-bike number 324-252 has remained in the exclusive control of Defendant LYFT or its agents and/or employees.

42.     On and before June 22, 2022, Defendant LYFT had a duty to operate, manage, control, and/or maintain the bicycles for rent by the public at the Damen and 33rd Street Divvy station, such that the bicycles were reasonably safe for use by the public and free of unreasonable risk of harm to the riding public, including Plaintiff MILICA KOVACEVIC.

43.     On and before June 22, 2022, Defendant LYFT had a legal duty as operator of the Divvy bike rental program to ensure compliance with City of Chicago ordinances, municipal codes, and State law regarding the proper maintenance and inspection of the bicycles made available for rent the Divvy bike rental program, for the benefit of bikeshare users, including Plaintiff MILICA KOVACEVIC.

44.     On and before June 22, 2022, Defendant LYFT had a duty to the public and to Plaintiff MILICA KOVACEVIC to exercise ordinary care in the maintenance and inspection of the bicycles made available for rent to the public.

45.     On and before June 22, 2022, Defendant LYFT had a duty the public and to Plaintiff MILICA KOVACEVIC to exercise reasonable care to warn those individuals renting bicycles of any known defects with the bicycles.

46.     On or about June 22, 2022, and at all times relevant, Defendant LYFT, individually and by and through its agents and/or employees, was negligent in one or more of the following respects:

  a. Failing to properly or adequately inspect e-bike number 324-252; or
  b. Failing to properly or adequately maintain e-bike number 324-252; or
  c. Failing to inspect the tires and wheels of e-bike number 324-252 for wear, damage, or defect;
  d. Permitting e-bike number 324-252 to be available for rent by the public when it was at risk of tire separation; or



e. Permitting e-bike number 324-252 to be available for rent by the public when it had not reasonably ensured it to be in a safe functional condition;

f. Failing to warn Plaintiff of a defect present on e-bike number 324-252 at and after the time that she rented the bicycle; or

g. Failing to train those responsible for the maintenance and/or inspection of e-bike number 324-252 adequately to ensure defects would be identified and remedied; or

h. Failing to operate its bicycle program in a manner ensuring that maintenance and/or inspection protocols were followed by those responsible for such maintenance and/or inspection; or

i. Improperly repairing or maintaining the rear tire and/or tube of e-bike number 324-252 in a manner that created a risk of harm or injury; or

j. Failing to ensure that the rear tire and tube were properly in place on the rear wheel, such that neither would separate from the wheel.

47. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant LYFT, Plaintiff MILICA KOVACEVIC sustained significant personal injuries, including but not limited to pain, suffering, loss of a normal life, disfigurement, emotional distress, and has incurred and will incur medical and rehabilitative expenses and lost wages.

Wherefore Plaintiff MILICA KOVACEVIC, by and through her counsel, the JUDSON GRAHAM FIRM LLC, demands judgment against Defendant LYFT, INC. d/b/a LYFT ILLINOIS, INC. in an amount in excess of the jurisdictional requirement of $50,000, which shall represent fair and just compensation for her injuries, damages, and losses.

Respectfully Submitted,

By: *Judson Graham*

Judson M. Graham, *for Plaintiff*
THE JUDSON GRAHAM FIRM LLC (No. 65554)
200 N LaSalle St., STE 2150
Chicago, IL 60601
Phone: 773-692-9000
JMG@judsonlaw.com



FILED
7/13/2022 9:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006283
Calendar, H
18664014

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | | |
|---|---|---|
| MILICA KOVACEVIC, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 2022L006283 |
| | ) | |
| v. | ) | JURY DEMANDED |
| | ) | |
| MOTIVATE LLC d/b/a MOTIVATE | ) | |
| SERVICES, LLC, and | ) | |
| LYFT, INC. d/b/a LYFT ILLINOIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF DAMAGES PURSUANT TO SUPREME COURT RULE 222(B)**

Counsel for the above-named plaintiff hereby certifies by penalty of perjury pursuant to Section 1-109 of the Code of Civil Procedure that Pursuant to Illinois Supreme Court Rule 222(b) the Plaintiff in this matter seeks money damages in excess of Fifty Thousand Dollars ($50,000.00).

By: *Judson M. Graham* /s

Judson M. Graham
*For*

Judson M. Graham
The JUDSON GRAHAM FIRM LLC
200 N. LaSalle Street, Suite 2150
Chicago, IL 60601
773-690-9000
Firm No. 65554

All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court Date/Fee Date

1919 - Fee Paid
**Jury Demand**

(Rev. 12/01/20) CCG 0067

FILED
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006283
Calendar, H
18664014

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

LAW **DEPARTMENT/** 1st **DISTRICT**

Milica Kovacevic

v.

Motivate LLC and Lyft, Inc.

No. 2022L006283

**JURY DEMAND**

The undersigned demands a jury trial.

_Judson Graham_
(Signature)

☑ Atty. No.: 65554

Name: Judson M. Graham / Judson Graham Firm LLC

Atty. for: Plaintiff

Address: 200 N LaSalle St, Suite 2150

City/State/Zip: Chicago, IL 60601

Telephone: 773-692-9000

Primary Email: JMG@judsonlaw.com

Dated: _____



 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/15/2022
CT Log Number 542117809

## Service of Process Transmittal Summary

TO: ███████
LYFT, INC.
185 BERRY ST STE 5000
SAN FRANCISCO, CA 94107-2503

RE: **Process Served in Illinois**

FOR: Lyft, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MILICA KOVACEVIC // To: Lyft, Inc. |
| **DOCUMENT(S) SERVED:** | Summons(es), Attachment(s), Cover Sheet, Complaint, Affidavit, Jury Demand |
| **COURT/AGENCY:** | Cook County Circuit Court, IL<br>Case # 2022L006283 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 06/22/2022 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/15/2022 at 11:40 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons, not counting the day of service<br>(Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Judson M. Graham<br>Judson Graham Firm LLC<br>200 N La Salle St Suite 2150<br>Chicago, IL 60601<br>773-692-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/16/2022, Expected Purge Date: 08/21/2022 |

Image SOP

Email Notification, ███████████████████

Email Notification, ████████████████

Email Notification, █████████████

Email Notification, ████████████████

Email Notification, ████████████

Email Notification, ██████████████

Email Notification, ███████████████████

Email Notification, ██████████████

<span style="color:red">**Exhibit B**</span>

**cyberdriveillinois.com is now ilsos.gov**



Office of the Secretary of State Jesse White

# ilsos.gov

# Corporation/LLC Search/Certificate of Good Standing

Corporation File Detail Report

| | |
|---|---|
| File Number | 69753604 |
| Entity Name | LYFT, INC. |
| Foreign Assumed Name | LYFT ILLINOIS, INC. |
| Status ACTIVE | |

## Entity Information

Entity Type
CORPORATION

Type of Corp
FOREIGN BCA

Qualification Date (Foreign)
Thursday, 16 October 2014

State
DELAWARE

Duration Date
PERPETUAL

**Exhibit C**

## Agent Information

Name
C T CORPORATION SYSTEM

Address
208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604

Change Date
Wednesday, 20 September 2017

## Annual Report

Filing Date
00/00/0000

For Year
2022

## Officers

President
Name & Address
JOHN ZIMMER 185 BERRY ST STE 5000 SAN FRANCISCO CA 94107

Secretary
Name & Address
KRISTIN SVERCHEK 185 BERRY ST #5000 SAN FRANCISCO CA 94107

Return to Search

File Annual Report

Adopting Assumed Name

Change of Registered Agent and/or Registered Office

(One Certificate per Transaction)

This information was printed from www.ilsos.gov, the official website of the Illinois Secretary of State's Office.

**Secretary of State**
**Statement of Information**
(Limited Liability Company)

**LLC-12**

21-D87753

# FILED

In the office of the Secretary of State
of the State of California

JUL 30, 2021

**This Space For Office Use Only**

**IMPORTANT — Read instructions before completing this form.**

**Filing Fee – $20.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

MOTIVATE LLC

| **2. 12-Digit Secretary of State File Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201819710588 | DELAWARE |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>353 West Street, Suite 225 | New York | NY | 10014 |
| b. Mailing Address of LLC, if different than item 4a<br>353 West Street, Suite 225 | New York | NY | 10014 |
| c. Street Address of California Office, if Item 4a is not in California - Do not list a P.O. Box<br>815 Chestnut Street | San Jose | CA | 95110 |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Matthew | | Parker | |

b. Entity Name - Do not complete Item 5a

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 353 West Street, Suite 225 | New York | NY | 10014 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL –** Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**CORPORATION –** Complete Item 6c only. Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b
CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA      AS CSC - LAWYERS INCORPORATING SERVICE (C1592199)

**7. Type of Business**

a. Describe the type of business or services of the Limited Liability Company
bike system service operations

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Matthew | | Parker | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 353 West Street, Suite 225 | New York | NY | 10014 |

**9. The Information contained herein, including any attachments, is true and correct.**

| 07/30/2021 | Valerie Schrik | Associate General Counsel | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

**Exhibit D**

LLC-12 (REV 01/2017)

Page 1 of 2

2017 California Secretary of State
www.sos.ca.gov/business/be

**Attachment to
Statement of Information
(Limited Liability Company)**

**LLC-12A
Attachment**

21-D87753

**A. Limited Liability Company Name**

MOTIVATE LLC

This Space For Office Use Only

| **B. 12-Digit Secretary of State File Number** | **C. State or Place of Organization** (only if formed outside of California) |
|---|---|
| 201819710588 | DELAWARE |

**D. List of Additional Manager(s) or Member(s) -** If the manager/member is an individual, enter the individual's name and address. If the manager/member is an entity, enter the entity's name and address. Note: The LLC cannot serve as its own manager or member.

| First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Grant | | Barkey | | |
| Entity Name | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| 353 West Street, Suite 225 | New York | | NY | 10014 |

| First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Kenneth | | Ezeadichie | | |
| Entity Name | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| 353 West Street, Suite 225 | New York | | NY | 10014 |

| First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| Entity Name | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |

| First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| Entity Name | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |

| First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| Entity Name | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |

| First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| Entity Name | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |

| First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| Entity Name | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |

050308/20173/RCH/MPM/JMF/

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

MILICIA KOVACEVIC,

                 Plaintiff,

v.

MOTIVATE, LLC and LYFT, INC.

                 Defendants.

Case Number

## DECLARATION OF ATTORNEY MICHAEL P. MOOTHART

       I, Michael P. Moothart, declare that I have personal knowledge of the facts set forth herein, that I am competent to testify, and that if called to testify, would state as follows:

       1.      I am one of the attorneys of record for Defendants Lyft, Inc. and Motivate LLC

       2.      On September 14, 2022, I contacted Plaintiff's counsel, Judson Graham, via phone in order to secure information on the claimed damages to assess the amount in controversy.

       3.      Plaintiff claims a physical injury of a compound leg fracture resulting in surgery and a six or seven day hospital stay.

       4.      Per her attorney, Plaintiff's medical bills remain outstanding but he estimates that they already exceed $100,000.

       5.      Further declarant sayeth not.

I, Michael P. Moothart, declare under penalty of perjury that the foregoing is true and correct.

       Executed on this 14th day of September, 2022

       /s *Michael P. Moothart*

       **Michael P. Moothart**

**Exhibit E**